**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to All Cases.

MASTER <u>DOCKET</u>

<u>18</u>-md-2865 (LAK)

---

## [~~PROPOSED~~] REVISED AMENDED STIPULATED PROTECTIVE ORDER GOVERNING <u>CONFIDENTIALITY OF DISCOVERY MATERIALS</u>

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, the parties (each a "<u>Party</u>" and collectively, the "<u>Parties</u>") to the related actions consolidated as part of *In re Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Litigation,* Case No. 18-md-2865 (LAK) (each an "<u>Action</u>," and collectively, the "<u>Actions</u>") hereby stipulate to the entry by the Court of this protective order (the "<u>Protective Order</u>") for the purpose of ensuring that materials produced by all Parties and by non-parties (each a "<u>Non-Party</u>" and collectively, the "<u>Non-Parties</u>") remain confidential, where necessary, without hindering the effective and efficient adjudication of the Actions.

IT IS HEREBY ORDERED THAT any person subject to this Protective Order – including without limitation the Parties, Non-Parties, their attorneys, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

## Use of Confidential Materials in Discovery

1.    The term "Discovery Material" shall mean all initial disclosures, documents, testimony, exhibits, interrogatory answers, responses to requests for admissions, and any other written, recorded, transcribed or graphic matter or data or anything produced in the Actions by the Parties and Non-Parties, and all information contained therein.  This Protective Order shall apply to all Discovery Material, all information derived from Discovery Material, and all copies, transcripts, excerpts, notes, and summaries of Discovery Material.

2.    Any Party or Non-Party that produces Discovery Material (a "Producing Party or Non-Party") shall have the right to designate Discovery Material as "Confidential" if the Producing Party or Non-Party reasonably and in good faith believes that the material: (a) includes sensitive personal information, including, for example, private details such as social security numbers, financial information, home addresses, personal email addresses, or personal telephone numbers; (b) includes confidential business information, including for example, non-public financial, customer, or commercial information, or other information that the Producing Party or Non-Party believes in good faith to be entitled to protection under F.R.C.P. 26(c)(l)(G); (c) includes information the Producing Party or Non-Party is contractually or legally obligated to keep confidential; (d) was provided to or maintained by the Producing Party or Non-Party subject to an agreement to maintain such information as confidential; (e) includes Foreign Confidential Personal Data as defined in Paragraph 7 below; or (f) any other category of information hereinafter given confidential status by the Court.  In addition, any Party or Non-Party (the "Designating Party") shall have the right to designate as Confidential any Discovery Material produced by another Party or Non-Party

so long as such Discovery Material constitutes or contains information belonging to or concerning the Designating Party that meets one or more of the criteria in Subparagraphs (a) through (f) above. Such designation shall be made by written notice to the Producing Party or Non-Party, and in the event that the designation is made after the documents have been produced by the Producing Party or Non-Party, a copy of the notice shall be sent by the Designating Party to all Parties with access to the Discovery Material. The Designating Party bears the burden of establishing good cause for confidential treatment.

3.    A Producing Party or Non-Party shall have the right to designate Discovery Material as "Highly Confidential" if the Producing Party or Non-Party reasonably and in good faith believes that the material (a) satisfies the requirements set forth in Paragraph 2 above, or is non-public information that is related to a domestic or foreign law enforcement investigation or action, and (b) the disclosure, or further disclosure, of which would result in a clearly defined, serious, and irreparable injury to the Producing Party or Non-Party that cannot be reasonably protected by alternate means. A Designating Party shall have the right to designate as Highly Confidential any Discovery Material produced by another Party or Non-Party so long as such Discovery Material constitutes or contains information belonging to or concerning the Designating Party that meets the criteria in Subparagraphs (a) and (b) above. Such designation shall be made by written notice to the Producing Party or Non-Party, and in the event that the designation is made after the documents have been produced by the Producing Party or Non-Party, a copy of the notice shall be sent by the Designating Party to all Parties with access to the Discovery Material. The Designating Party bears the burden of establishing good cause for Highly Confidential treatment.

4.      "Confidential Material" shall mean Discovery Material that has been designated Confidential.  Confidential Material shall include all originals, copies, transcripts, excerpts, notes, and summaries of any Confidential Material.  Information or material designated as Confidential shall retain its designation as such, and protections afforded under such designation, when referenced or incorporated in, or copied to, derivative documents.

5.      "Highly Confidential Material"[1] shall mean Discovery Material that has been designated Highly Confidential.  Highly Confidential Material shall include all originals, copies, transcripts, excerpts, notes, and summaries of any Highly Confidential Material.  Information or material designated as Highly Confidential shall retain its designation as such, and protections afforded under such designation, when referenced or incorporated in, or copied to, derivative documents.

6.      "Foreign Data Protection Law" shall mean foreign data protection laws that may govern the transfer, processing, or disclosure of information sought in the Actions, including:  (i) Regulation (EU) 2016/679, Apr. 27, 2016, 2016 O.J. (L119) 1, also known as the EU General Data Protection Regulation; and (ii) the Danish Data Protection Act.

7.      "Foreign Confidential Personal Data" shall mean any information relating to an identified or identifiable natural person entitled to protection under Foreign Data Protection Law.  An identifiable natural person is one who can be identified, directly or indirectly, in particular by reference to an identifier such as a name, an identification number, location data, an online identifier, or to one or more factors specific to the physical, physiological, genetic, mental, economic, cultural, or social identity of that natural person.

---

1.  Confidential Material and/or Highly Confidential Material are collectively referred to as "Confidential Discovery Materials."

8.      Information that is or becomes publicly available, other than through a breach of this Protective Order, shall not be considered Confidential Material or Highly Confidential Material.  For purposes of this Protective Order, documents and information produced by a Party or Non-Party to law enforcement, public or private regulatory agencies, or other governmental authorities shall not be considered publicly available solely because they were produced to law enforcement, public or private regulatory agencies, or other governmental authorities.

9.      Any Party or Non-Party producing Confidential Material or Highly Confidential Material shall do so in conformity with the following procedures, and any Party receiving Confidential Material or Highly Confidential Material shall abide by the following procedures and limitations concerning use of such material:

a)   In the case of Confidential Material or Highly Confidential Material produced on CD, DVD, or other electronic storage medium, any Party or Non-Party providing such Confidential Material or Highly Confidential Material to any other Party, Non-Party, or entity shall affix the legend "Confidential" or "Highly Confidential" to such electronic storage medium and, to the extent practical, to each page or unit of material.  In the event designation through affixation of the legend "Confidential" or "Highly Confidential" is impractical, as with electronic documents produced in native format, designation may be made in any manner that is reasonably designed to notify all recipients that the Discovery Material has been designated Confidential or Highly Confidential, including through a cover letter that identifies the designated material by Bates number.

b)   In the case of Confidential Material or Highly Confidential Material produced in paper form, any Party or Non-Party providing such Confidential Material or Highly Confidential

Material to any other Party or Non-Party shall affix the legend "Confidential" or "Highly Confidential" to each page so designated.  In the event designation through affixation of the legend "Confidential" or "Highly Confidential" is impractical, designation may be made in any manner that is reasonably designed to notify all recipients that the Discovery Material has been designated Confidential or Highly Confidential.

c)  Any Party or Non-Party may designate any deposition testimony, or portions thereof, including exhibits, as Confidential or Highly Confidential either: (i) at the deposition, by making a statement on the record at the time of the disclosure and directing the court reporter to affix the legend "Confidential" or "Highly Confidential" to the first page and all designated portions of the transcript, including all copies thereof, or (ii) within thirty (30) days after receipt of the final deposition transcript, by informing counsel for the deponent and all counsel of record for the Parties to the Action(s) in which the deposition was taken in writing of such designation with sufficient particularity that the material so designated may be readily identified.  All deposition testimony and transcripts, including, but not limited to, rough transcripts, shall be treated as Highly Confidential Material until thirty (30) days after the receipt of the final transcript in order to give Parties or Non-Parties the opportunity to designate portions or all of the testimony or transcript Confidential or Highly Confidential as set forth in this Subparagraph (c).  Discovery Material previously designated as Confidential Material or Highly Confidential Material that is marked as an exhibit during a deposition shall be treated as Confidential Material or Highly Confidential Material at all times.

d)  The Party that has first noticed a deposition shall provide each court reporter and videographer participating in the deposition with a copy of this Protective Order, and each

court reporter and videographer shall be bound by its provisions. Each court reporter and videographer must: (i) mark the deposition transcript and video recording or portions thereof designated as Confidential Material with the legend "Confidential," (ii) mark the deposition transcript and video recording or portions thereof designated as Highly Confidential Material with the legend "Highly Confidential," (iii) separately bind or provide the designated portions of the deposition transcript and video recording, and (iv) place on the cover of any such transcript and video recording an appropriate legend indicating that the transcript or video contains information designated as Confidential or Highly Confidential pursuant to a court order.

e) In the case of any written responses to discovery requests, to the extent such responses incorporate or reference Confidential Material or Highly Confidential Material, the responding Party or Non-Party shall: (i) state in the main body of the responses that the responses reference or incorporate Confidential Material or Highly Confidential Material, and (ii) affix the legend "Confidential" or "Highly Confidential" to the first page of the responses and to each subsequent page of the responses that contains such Confidential Material or Highly Confidential Material.

f) The failure to designate any Discovery Material as Confidential or Highly Confidential at the time of production, during a deposition, or within thirty (30) days after receipt of the final transcript of a deposition does not constitute a waiver of a claim to confidentiality. A Producing Party or Non-Party can remedy an initial failure to designate by subsequently providing written notice to all Parties that identifies the Discovery Material and indicates that it is being designated Confidential or Highly Confidential. On receiving such written notice, each Party shall thereafter treat the

identified Discovery Material as Confidential Material or Highly Confidential Material in accordance with its designation from the date of such notification forward. Further, upon receiving such written notice, each Party shall promptly give notice thereof to each person, if any, to whom the Party disclosed the previously undesignated material and shall diligently attempt to retrieve all copies of the undesignated material. No person shall be liable for disclosing Confidential Material or Highly Confidential Material if that disclosure occurred prior to receipt of the written notice described in this Subparagraph (f). Within ten (10) business days after previously produced Discovery Material is subsequently designated as Confidential Material or Highly Confidential Material, the Producing Party or Non-Party shall, in accordance with the provisions of this Paragraph 9, provide appropriately marked electronic and/or paper copies to all Parties entitled to receive such Discovery Material.

g) In the event that a Producing Party or Non-Party produces two or more identical or substantially identical copies of any Discovery Material, and any copy is designated as Confidential Material or Highly Confidential Material while other copies are not so designated, all such identical or substantially identical Discovery Material shall be treated as Confidential Material or Highly Confidential Material once notice is given by the Producing Party or Non-Party of the inconsistent designation.

10.    Consistent with the uses of Discovery Materials permitted in this Protective Order, no Confidential Material shall be disclosed to any person except as provided herein, except with the prior written consent of the Producing Party, Non-Party, or Designating Party as applicable. Discovery Material designated "Confidential" may be disclosed, summarized,

described, characterized, or otherwise communicated or made available in whole or in part, by a receiving party, only to the following persons:

a) The counsel of record for the Parties in the Actions; any other counsel employed by any Party to the Action; any party's counsel of record in any Foreign Action;[2] and regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Actions or Foreign Actions (collectively the "Counsel") for use in accordance with this Protective Order;

b) Experts, consultants, and investigators (including their professional staffs) to the extent necessary for such expert, consultant, or investigator to prepare a written opinion, to prepare to testify, or to assist the parties or Counsel in the prosecution or defense of the Actions (or Foreign Actions as applicable). Nothing in this Protective Order shall be interpreted to alter or limit the application of Rule 26 of the Federal Rules of Civil Procedure with respect to disclosure of expert reports, drafts, communications, or other expert materials.

c) The parties in the Actions or any Foreign Action, and the directors, officers and employees of the parties who are assisting Counsel in the Actions or Foreign Actions;

d) Any person indicated to be the author, addressee, or a copy recipient of the Confidential Material, or any other person who otherwise is shown to have knowledge of the Confidential Material, the receipt of which is not in violation of this Protective Order;

---

2.  "Foreign Action" means any other action or proceedings commenced by Plaintiff SKAT in a foreign jurisdiction arising from or related to allegedly improper or fraudulent requests for refunds of dividend withholding taxes (the "Foreign Actions"), including any appeals, retrials, or related proceedings.

e)  In the Actions, witnesses, noticed or subpoenaed deponents, and their counsel. Confidential Material shall not be disclosed to any witness or deponent unless such witness or deponent first signs an Exhibit A certification form (as described in Paragraph 12 herein) or, if such witness or deponent refuses to sign a certification form, unless the witness or deponent is provided with a copy of this Protective Order and is advised on the record that he or she may be subject to sanctions for any violation of the terms of the Protective Order. At the request of any party, the portion of any deposition transcript involving the Confidential Material shall be designated "Confidential" pursuant to Paragraph 9(c) above. Those witnesses or deponents who are shown Confidential Material shall not be allowed to retain copies.

f)  In a Foreign Action, actual or prospective witnesses, noticed or subpoenaed deponents (or the relevant procedural equivalent of a noticed or subpoenaed deponent in a Foreign Action), and their counsel. Confidential Material shall not be disclosed to any such person unless (i) such person first signs an Exhibit A certification form (as described in Paragraph 12 herein), or (ii) such person has agreed in writing to be bound by the terms of an applicable Foreign Confidentiality Order (defined in Paragraph 21 below). At the request of any party, the portion of any deposition transcript involving the Confidential Material shall be designated "Confidential" pursuant to Paragraph 9(c) above. Those witnesses or deponents who are shown Confidential Material shall not be allowed to retain copies.

g)  The Court, court personnel, any appellate court having jurisdiction of any appeal of this Action, and jurors, potential jurors or alternate jurors pursuant to Paragraphs 15-

18 of this Protective Order, or any court of competent jurisdiction in a Foreign Action and its personnel;

h)  Court reporters and videographers (and their staff) employed in connection with the Actions or any Foreign Actions;

i)  Mediators and any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the Actions or any Foreign Actions, or to indemnify or reimburse for payments made to satisfy a judgment; and

j)  Any other person only upon order of the Court or upon stipulation of the party that produced the Confidential Material.

11.    Consistent with the uses of Discovery Materials permitted in this Protective Order, no Highly Confidential Material shall be disclosed to any person except as provided herein, except with the prior written consent of the Producing Party, Non-Party, or Designating Party as applicable.  Discovery Material designated "Highly Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, by a receiving party, only to the following persons:

a)  Counsel, as defined in Paragraph 10(a), for use in accordance with this Protective Order;

b)  Experts, consultants, and investigators (including their professional staffs) to the extent necessary for such expert, consultant, or investigator to prepare a written opinion, to prepare to testify, or to assist the parties or Counsel in the prosecution or defense of the Actions (or Foreign Actions as applicable).  Nothing in this Protective Order shall be interpreted to alter or limit the application of Rule 26 of the Federal Rules of Civil

Procedure with respect to disclosure of expert reports, drafts, communications or other expert materials.

c)  Any person indicated to be the author, addressee, or copy recipient of a document, or any other person who otherwise is shown to have knowledge of the Highly Confidential Material therein, the receipt of which is not in violation of this Protective Order;

d)  In the Actions, witnesses, noticed or subpoenaed deponents, and their counsel.  Highly Confidential Material shall not be disclosed to any witness or deponent unless such witness or deponent first signs an Exhibit A certification form (as described in Paragraph 12 herein), or, if such witness or deponent refuses to sign a certification form, unless such witness or deponent is provided with a copy of this Protective Order and is advised on the record that he or she may be subject to sanctions for any violation of the terms of the Protective Order.  At the request of any party, the portion of any deposition transcript involving the Highly Confidential Material shall be designated "Highly Confidential" pursuant to Paragraph 9(c) above.  Those witnesses or noticed or subpoenaed deponents who are shown Highly Confidential Material shall not be allowed to retain copies;

e)  In a Foreign Action, actual or prospective witnesses, noticed or subpoenaed deponents (or the relevant procedural equivalent of a noticed or subpoenaed deponent in a Foreign Action), and their counsel.  Highly Confidential Material shall not be disclosed to any such person unless (i) such person first signs an Exhibit A certification form (as described in Paragraph 12 herein), or (ii) such person has agreed in writing to be bound by the terms of an applicable Foreign Confidentiality Order (defined in Paragraph 21

below) At the request of any party, the portion of any deposition transcript involving the Highly Confidential Material shall be designated "Highly Confidential" pursuant to Paragraph 9(c) above.  Those witnesses or deponents who are shown Highly Confidential Material shall not be allowed to retain copies.

f)   The Court, court personnel, any appellate court having jurisdiction of any appeal of this Action, and jurors, potential jurors or alternate jurors pursuant to Paragraphs 15-18 of this Protective Order, or any court of competent jurisdiction in a Foreign Action and its personnel;

g)   Court reporters and videographers (and their staff) employed in connection with the Actions or any Foreign Actions;

h)   Mediators and any person carrying on an insurance business that may be liable to satisfy part or all of any judgment, which may be entered in the Actions or any Foreign Actions, or to indemnify or reimburse for payments made to satisfy a judgment; and

i)   Any other person only upon order of the Court or upon stipulation of the party that produced the Discovery Material designated "Highly Confidential."

12.   Prior to any disclosure of Confidential Material, Highly Confidential Material, or the identity of confidential witnesses pursuant to Paragraphs 10(a)-(f), 11(a)-(e), and 19(a)-(c), respectively, counsel of record for the party proposing to make such disclosure shall ensure that either (i) a copy of this Protective Order has been delivered to such person, and shall attempt to obtain that person's signature in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms of this Protective Order and agreeing not to disclose or use the identities of confidential witnesses or any Confidential Discovery Material in a manner or for purposes other than those permitted hereunder, including after the

conclusion of these Actions (including the expiration of any appeal period), and to return or destroy any Confidential Discovery Material in accordance with the provisions of Paragraph 26 of this Protective Order, or (ii) a copy of an applicable Foreign Protective Order has been delivered to such person and shall attempt to obtain that person's written agreement to be bound by the terms of the applicable Foreign Confidentiality Order.  Counsel of record for each Party shall maintain executed Exhibit A forms, which shall be available for inspection by counsel for the Party claiming confidentiality upon order of the Court following a showing of good cause.  Executed Exhibit A forms shall not be discoverable except upon good cause shown and order of the Court.

13.    Any persons receiving Confidential Material, Highly Confidential Material, or confidential witness identities, shall not reveal such information (including its contents, or any portion or summary thereof) or discuss such information (including its contents, or any portion or summary thereof) with any person who is not entitled to receive such information, as set forth in Paragraphs 10 and 11.  Any person or entity receiving Confidential Discovery Material or confidential witness identities shall maintain that material in a reasonably secure manner so that it is not further disclosed or used in any manner inconsistent with this Protective Order.  Persons receiving Confidential Discovery Material or confidential witness identities shall use it only for purposes permitted by Paragraph 21 of this Protective Order, and not for any other purpose.

14.    Nothing in this Protective Order shall be or be deemed to be an acknowledgment by any Party that any Discovery Material designated as Confidential Material or Highly Confidential Material is in fact entitled to such treatment under applicable law.  A Party shall not be obligated to challenge the propriety of any other Party's or Non-

Party's designation of Discovery Material as Confidential Material or Highly Confidential Material, and a failure to do so at the time of the designation shall not preclude any subsequent challenge. Any Party (the "Disputing Party") may challenge, at any time, the designation of Discovery Material as Confidential or Highly Confidential Material through a written request to the Producing Party or Non-Party, with notice provided to all Parties who/that have received such Discovery Material, that the Producing Party or Non-Party withdraw such designation and generally setting forth the reasons the Disputing Party believes such Discovery Material or information does not qualify as Confidential Material or Highly Confidential Material. The Producing Party or Non-Party, the Disputing Party and any other interested party shall meet and confer in good faith during the fourteen (14) days following the Producing Party's or Non-Party's receipt of the request in an effort to resolve the objection. The Disputing Party may file a motion with the Court challenging the designations within fourteen (14) days after the meet and confer. Within seven (7) days after the Disputing Party has filed the motion, or otherwise pursuant to a stipulation between the parties, the Producing Party or Non-Party shall submit a response showing good cause for the designation, and why the designation should be maintained. Within seven (7) days of the Producing Party's or Non-Party's submission of the response, the Disputing Party may file a reply. Motions filed pursuant to this Paragraph shall be limited to ten (10) pages in length; responses and replies shall be limited to fifteen (15) pages. While such an application is pending, the Discovery Material shall be treated as "Confidential" or "Highly Confidential" pursuant to this Protective Order.

## USE OF CONFIDENTIAL DISCOVERY MATERIAL IN COURT

The following provisions govern the treatment of Confidential Discovery Material or

confidential witness identities submitted as a basis for adjudication of matters or proceedings to the Court.

15.    If documents, material, or information (including portions of deposition transcripts) designated as "Confidential" or "Highly Confidential" or disclosing the identity of a confidential witness are to be included in any papers filed with the Court, such papers shall be labeled "Confidential - Subject to Protective Order" or "Highly Confidential - Subject to Protective Order" or "Confidential Witness Identities - Subject to Protective Order" and filed under seal in accordance with the Court's Local Rules and CM/ECF procedures.  Such documents, material, and information shall be kept under seal until further order of the Court. Parties that file a pleading or other paper that includes Confidential Discovery Material or discloses the identity of a confidential witness under seal shall also file on the public record a version of the pleading or other paper from which the Confidential Material and/or the identity of a confidential witness has been redacted.

16.    Where possible, only Confidential or Highly Confidential portions of filings with the Court, or portions of filings with the Court that disclose the identity of a confidential witness, shall be filed under seal.  The parties shall endeavor in good faith to avoid filing materials under seal whenever possible.  If any party desires to refer to, or include, Confidential Discovery Material or to disclose the identity of a confidential witness in a brief, motion, or other court filing, that party may confer with counsel for the Producing Party or Non-Party about any such references, in an effort to reach an agreement that will make filing under seal unnecessary.  Any agreements reached by any parties to resolve the need for filing under seal shall not be viewed or deemed as waiver or admission of any prior or subsequent

Confidential or Highly Confidential designation, nor shall any such agreement be construed to apply to any future efforts to apply the "Confidential" or "Highly Confidential" designation.

17.      All extracts and summaries of Confidential Discovery Material, as well as briefs or other pleadings quoting or disclosing such Confidential Discovery Material, shall also be treated as confidential in accordance with the provisions of this Protective Order.

18.      This Protective Order does not address the use of Confidential Discovery Material at trial.  The parties agree to meet and confer regarding use of Confidential Discovery Material in connection with trial and to raise the issue with the Court at an appropriate time.

## CONFIDENTIAL WITNESS IDENTITIES

19.      The identity of the whistleblower witness referenced in the complaints commencing the Actions, and any other whistleblower identified by SKAT during the course of the Actions, may not be disclosed in whole or in part except to the following persons, subject to Paragraphs 12 and 13, *supra*:  (a) Counsel for use in accordance with this Protective Order; (b) experts, consultants, and investigators (including their professional staffs) to the extent necessary for such expert, consultant, or investigator to prepare a written opinion, to prepare to testify, or to assist the parties or Counsel in the prosecution or defense of the Actions (or Foreign Actions as applicable); (c) the parties as reasonably necessary for purposes of these Actions (or Foreign Actions as applicable); (d) the Court, court personnel, any appellate court having jurisdiction of any appeal of this action, and jurors, potential jurors, or alternate jurors pursuant to Paragraphs 15-18 of this Protective Order, or any court of competent jurisdiction in a Foreign Action; (e) court reporters and videographers (and their staff) employed in connection with the Actions or any Foreign Action; (f) mediators and any

person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the Actions or any Foreign Action, or to indemnify or reimburse for payments made to satisfy a judgment; (g) the confidential witnesses themselves (with the exception that a confidential witness's identity may be revealed only to that confidential witness and not to any other confidential witness); and (h) any other person only upon order of the Court or stipulation of the Parties.  The limitations contained in this Paragraph 19 do not require any Party, Non-Party, or Designating Party to redact the name of a whistleblower that may incidentally appear in Discovery Material unrelated to the act(s) of whistleblowing.  The procedures set forth in Paragraph 9 shall also apply to confidential witness identities.

## OTHER

20.    If any person receiving documents covered by this Protective Order (the "Subpoenaed Person") is subpoenaed in another action or proceeding or is served with a document demand or other request under law (a "subpoena"), and such subpoena seeks Discovery Material which was produced or designated as "Confidential" or "Highly Confidential" by someone other than the Subpoenaed Person, the Subpoenaed Person shall (i) give written notice by hand delivery, overnight delivery, or e-mail (which e-mail shall be considered delivered when sent) promptly, and in no event later than five (5) business days after receipt of such subpoena or document demand, to those who produced or designated the material "Confidential" or "Highly Confidential" and, except as ordered otherwise by a court of competent jurisdiction, (ii) refrain from producing any Discovery Material that has been designated "Confidential" or "Highly Confidential" in response to such a subpoena or

document demand until the earlier of (a) receipt of written notice from the Producing Party or Non-Party that such party does not object to production of the designated Discovery Material or (b) resolution of any objection asserted by the Producing Party or Non-Party either by agreement or by order of a court with jurisdiction over the objection of the Producing Party or Non-Party.  The burden of opposing the enforcement of the subpoena shall fall solely upon the Party or Non-Party who produced or designated the Confidential Discovery Material.  Unless the Party or Non-Party who produced or designated the Confidential Discovery Material submits a timely objection seeking an order that the subpoena need not be complied with, and serves such objection upon the Subpoenaed Person by hand delivery, overnight delivery, or e-mail (which e-mail shall be considered delivered when sent) prior to the production date required pursuant to the subpoena, the Subpoenaed Person shall be permitted to produce documents responsive to the subpoena on the subpoena response date.  Compliance by the Subpoenaed Person with any order directing production pursuant to the subpoena of any Confidential Discovery Material shall not constitute a violation of this Protective Order, provided that the notice required by this Paragraph 20 has been satisfied.  Nothing herein shall be construed as requiring the Subpoenaed Person or anyone else covered by this Protective Order to challenge or appeal any order directing production of Confidential Discovery Material covered by this Protective Order, or to subject himself, herself, or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

21.    Except as otherwise provided by this Protective Order, all Discovery Material received by any Party or Non-Party may be used for purposes of the Actions or any Foreign Action, and must not be used for any business, commercial, or other purposes.

Notwithstanding any other provision of this Protective Order, all Discovery Material received by any Party or Non-Party may only be used for the purpose of a Foreign Action so long as the Discovery Material is subject to an agreement, enforceable by order of a court of competent jurisdiction for the Foreign Action that provides protections regarding the use and confidentiality of Discovery Material that are substantially similar to those contained in this Protective Order (each a "Foreign Confidentiality Order").  An example of such an agreement and Foreign Confidentiality Order is attached as Exhibit B.  Further, Discovery Material may only be used in any Foreign Action where it is directly relevant to a genuine and material issue in the Foreign Action.  No Party or Non-Party is authorized to simply reproduce every item of Discovery Material in a Foreign Action, but must instead undertake in good faith a review of the Discovery Material for relevance to the Foreign Action and must further take appropriate steps to prevent the production in any Foreign Action of any private information, including financial information, of individuals not named as defendants in the Foreign Action, where such information is neither relevant nor necessary to a resolution of the issues in the Foreign Action.  Any Party seeking to produce any Confidential or Highly Confidential Material for the purpose of a Foreign Action, shall provide at least ten (10) days' notice to the Producing Party or Non-Party prior to the first production of the Confidential or Highly Confidential Information in the Foreign Action, unless such production is required by the Party in connection with a foreign court application on shortened notice.

22.     Nothing contained in this Protective Order or any designation hereunder or any failure to make such designation shall be used or characterized by any Party as an admission of any kind.  This Protective Order shall not be offered or admitted into evidence at trial or

otherwise, except in connection with an application, motion or proceeding relating to the enforcement or application of this Protective Order.

23.　　The disclosure or production of Discovery Material shall not prejudice or waive or be deemed to waive any Party's or Non-Party's objection to the relevance or admissibility of such material in the Actions, nor shall such disclosure or production prejudice, waive, or be deemed to waive any objection to use of the material or any claim of confidentiality outside the Actions.  Nothing in this Protective Order shall affect any Party's or Non-Party's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information.

24.　　Subject to the receiving party's right to object or raise arguments regarding waiver, this Protective Order has no effect upon, and shall not apply to, the Parties' use of their own Confidential Discovery Material for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or the information designated as "Confidential" or "Highly Confidential" obtained lawfully by such party independently of the discovery proceedings in these Actions or that is already in the public domain.

25.　　If the producing party of any Confidential Discovery Material notifies the receiving party in writing that documents or other information (the "Inadvertent Material") have been inadvertently disclosed that the disclosing party believes in good faith to be subject to a claim of privilege, including but not limited to attorney-client privilege or attorney work product protection, Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply.  Such notice shall include a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5)(A).  The parties shall meet and confer concerning the

Inadvertent Material within seven (7) days after the disclosing party notifies the receiving party in writing by hand delivery, overnight delivery, or e-mail (which e-mail shall be considered delivered when sent), of the inadvertent disclosure.  The party or parties seeking the return, sequester, or destruction of such material may then present the information to the Court under seal within thirty (30) business days of the meet-and-confer for a determination of the claim.

26.     The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of the Actions, including without limitation any appeals, subject to the rules of any appellate court which may override this Protective Order in any or all respects.  Unless otherwise ordered or agreed to in writing by the producing party or as required by any law or regulation applicable to any party, within sixty (60) calendar days after the final termination of the applicable Actions or Foreign Action by settlement or exhaustion of all appeals, all parties in receipt of Confidential Discovery Material shall use reasonable efforts to either return such materials and copies thereof to the producing party or destroy such Confidential Discovery Material.  The receiving party's reasonable efforts shall not require the return or destruction of Confidential Discovery Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations.  Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Discovery Material, but such retained information shall continue to be treated in accordance with the Protective Order.  Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto),

correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work product that contain or refer to Confidential Discovery Materials, provided that such counsel and employees of such counsel shall not disclose such Confidential Discovery Material to any person, except pursuant to court order.  Nothing in this Paragraph 26 shall be interpreted in a manner that would violate any applicable laws, regulations, canons of ethics, or codes of professional responsibility.

27.      In the event that any Confidential Discovery Material is used in any court proceeding in these Actions or any appeal, the Confidential Discovery Material shall retain its status as Confidential Discovery Material through such use except (a) to the extent ordered otherwise by the Court or (b) to the extent such Confidential Discovery Material becomes part of the public record in these Actions.  Counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.  If the parties cannot agree on an approach, the matter shall be presented to the Court for disposition.

28.      Nothing in this Protective Order shall require any party to violate any duty or obligation that it has under law to preserve documents or other materials.

29.      The parties agree to be bound by the terms of this Protective Order even prior to entry of this Protective Order by the Court.  This Protective Order applies to all Discovery Material produced in the Actions, whether produced before or after the entry of this Protective Order and whether produced by a party or non-party.

30.      This Protective Order may be changed only by further agreement of all parties in writing or by order of the Court, and is without prejudice to the rights of any party to seek

modification of this Protective Order by application to the Court on notice to the other parties hereto.

31.     This Protective Order, and production of documents with or without a "Confidential" or "Highly Confidential" designation hereunder, is not intended to, nor does it, waive any obligations or duties of the parties or their counsel to otherwise maintain the confidence of information or materials in their possession.

32.     Nothing in this Protective Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

33.     This Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

34.     The parties shall meet and confer regarding modifications to this Protective Order regarding the treatment of Discovery Material or Confidential Discovery Material during trial.  Provisions for such modification and treatment of Discovery Material or Confidential Discovery Material, if necessary, shall be addressed by the parties with the Court and documented in a pre-trial order.

35.     This Protective Order may be signed by fax or PDF signature and may be signed in one or more counterparts, each of which shall be deemed to constitute an original, but all of which together shall constitute one agreement.

Date:  September 11, 2020

CAPLIN & DRYSDALE, CHARTERED

By:/s/ Mark D. Allison
Mark D. Allison
Zhanna A. Ziering
600 Lexington Avenue
New York, NY 10022
Tel: (212) 379-6060
Fax: (860) 493-6290
E-mail: mallison@capdale.com


*Attorneys for Defendants*

Date:  September 11, 2020

HUGHES HUBBARD & REED LLP

By: /s/ Marc A. Weinstein
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: marc.weinstein@hugheshubbard.com

*Attorneys for Plaintiff Skatteforvaltningen*

**ACCEPTED AND AGREED TO:**

KATTEN MUCHIN ROSENMAN LLP

By: /s/ David L. Goldberg
 *(e-signed by consent)*
David L. Goldberg
575 Madison Avenue
New York, NY 10022
Tel: (212) 940-6787
E-mail: david.goldberg@kattenlaw.com

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: /s/ Alan E. Schoenfeld
 *(e-signed by consent)*
Alan E. Schoenfeld
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
E-mail: alan.schoenfeld@wilmerhale.com

KAPLAN RICE LLP

By: /s/ Michelle A. Rice
    *(e-signed by consent)*
Michelle A. Rice
142 West 57th Street, Suite 4A
New York, NY 10019
Tel: (212) 235-0300
E-mail: mrice@kaplanrice.com


MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO PC

By: /s/ Edward M. Spiro
    *(e-signed by consent)*
Edward M. Spiro
Audrey Feldman
565 5th Ave.
New York, NY 10017
Tel: (212) 856-9600
E-mail: espiro@maglaw.com


GUSRAE KAPLAN & NUSBAUM PLLC

By:/s/ Martin Kaplan
    *(e-signed by consent)*
Martin Kaplan
120 Wall Street
New York, NY  10005
Tel: (212) 379-6060
E-mail: mkaplan@gusraekaplan.com


K&L GATES LLP

By:/s/ John Blessington
    *(e-signed by consent)*


WILLIAMS & CONNOLLY LLP

By:/s/ Stephen Andrews
    *(e-signed by consent)*
Stephen Andrews
Amy B. McKinlay
725 Twelfth Street, N.W.
Washington, D.C.  20005
Tel: (202) 434-5291
E-mail: SAndrews@wc.com


KOSTELANETZ & FINK, LLP

By:/s/ Bryan C. Skarlatos
    *(e-signed by consent)*
Bryan C. Skarlatos
Eric Smith
250 Greenwich St.
New York, NY 10007
Tel: (212) 808-8100
E-mail: bskarlatos@kflaw.com


DEWEY, PEGNO & KRAMARSKY

By: /s/ Thomas E.L. Dewey
    *(e-signed by consent)*
Thomas E.L. Dewey
David S. Pegno
777 Third Avenue
New York, NY 10017
Tel: (212) 943-9000
E-mail: tdewey@dpklaw.com


LAW OFFICE OF SHELDON S. TOLL PLLC

By:/s/ Sheldon S. Toll
    *(e-signed by consent)*

John Blessington
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3108
E-mail:john.blessington@klgates.com

Sheldon S. Toll
29580 Northwestern Hwy., Ste. 1000
Southfield, MI 48034
Tel: (248) 797-9111
E-mail: sst@lawtoll.com

KOSTELANETZ & FINK, LLP

SEWARD & KISSEL LLP

By: /s/ Sharon L. McCarthy
    *(e-signed by consent)*
Sharon L. McCarthy
7 World Trade Center, 34th Floor
New York, NY 10007
Tel: (212) 808-8100
E-mail: smccarthy@kflaw.com

By:/s/ Mark J. Hyland
    *(e-signed by consent)*
Mark J. Hyland
Ross Hooper
One Battery Park Plaza
New York, NY 10004
Tel: (212) 574-1200
E-mail:hyland@sewkis.com

HANAMIRIAN LAW FIRM, P.C.

By: _____
John Hanamirian
30 Wall St.
New York, NY 10005
Tel: (856) 793-9092
E-mail: jmh@hanamirian.com

*The Clerk shall terminate DI 467*

SO ORDERED

HON. LEWIS A. KAPLAN
United States District Judge

4/6/2020

**EXHIBIT A**

**CERTIFICATION**

I hereby certify my understanding that Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on [_____] in *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Litigation,* Case No. 18-md-2865 (LAK) (the "Order"). I have been given a copy of the Order and have read it.

I agree to be bound by the Order. I will not reveal the Confidential Discovery Material or disclose confidential witness identities to anyone, except as allowed by the Order. I will maintain any Confidential Discovery Material or material disclosing confidential witness identities in my possession - including copies, notes, or other transcriptions made therefrom - in a secure manner to prevent unauthorized access to it. No later than twenty (20) days after I receive written or electronic notice from a party to the Actions that the action has concluded and the time period for appeals has expired, I will either destroy or return the Confidential Discovery Material or material disclosing confidential witness identities - including copies, notes, or other transcriptions made therefrom - to the counsel who provided me with the Confidential Discovery Material or material disclosing confidential witness identities. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this litigation.

I declare under penalty of perjury that the foregoing is true and correct and that this certification is executed this_____day of_____at_____

By:            _____

Address:       _____

               _____

Phone:         _____

**EXHIBIT B**

**THIS CONFIDENTIALITY CLUB AGREEMENT** (the "**Agreement**") dated
2020 is entered into and made by and

**BETWEEN:**

**(1)**　　SKATTEFORVALTNINGEN (the Danish Customs and Tax Administration), Østbanegade
　　　　123, 2100 København Ø, Denmark ("**SKAT**"); and

**(2)**　　each person who signs Schedule 1 hereto (the "**Recipient**" as further defined below),

　　　　each a "**Party**" and together the "**Parties**".

**WHEREAS:**

(1)　　This Agreement is being entered into by the Parties against the background of an application issued by SKAT in the Commercial Court in London on \*\* September 2020 (the "**Confidentiality Application**").  The Confidentiality Application is for the use within ongoing proceedings between SKAT and multiple defendants in the Commercial Court in London (under the consolidated case numbers CL-2018-000297, CL-2018-000404; CL-2018-000590; CL-2019-000487) (the "**English Proceedings**") of Confidential Documents and Confidential Information (defined below) that SKAT has obtained under obligations of confidence in related proceedings in the United States of America (the "**US Proceedings**").

(2)　　The basis of the Confidentiality Application is that it is necessary to preserve the confidentiality of the documents and information in question, which are subject to a Re-Amended Stipulated Protective Order Governing Confidentiality of Discovery Materials made by the New York Court (the "**US Federal District Court Protective Order**"), a copy of which is shown at Schedule 2 to this Agreement;

(3)　　Examples of the Confidential Documents and Confidential Information have been filed at the Commercial Court in a sealed Confidential Exhibit to the \*\* Witness Statement of \*\* dated \*\* September 2020 (the "**Confidential Exhibit**"), pending determination of the Confidentiality Application. SKAT wishes to provide the Confidential Exhibit filed in the Confidentiality Application to the Recipient in advance of the hearing of the Confidentiality Application, so that the Recipient can participate in the hearing of such Confidentiality Application;

(4)　　The terms of this Agreement set out the basis upon which such Confidential Documents and Confidential Information (as defined below) shall be disclosed by SKAT or SKAT's English lawyers (together referred to in this Agreement as the "**Disclosing Party**") to the Recipient, pending the hearing of the Confidentiality Application. If the English Court makes a confidentiality order at such hearing, the use of Confidential Documents and Confidential Information shall thereafter be governed by the terms of such confidentiality order made.

**DEFINITIONS**

For the purposes of this Agreement, the following definitions shall apply in addition to those set out in the recitals above:

**Confidential Documents** means any documents or transcripts designated in whole or in part as "Confidential" or "Highly Confidential" under the US Federal District Court Protective Order, including but not limited to:

(1)     all documents in the confidential exhibit to the ** Witness Statement of ** dated ** September 2020.

(2)     any other document obtained by SKAT as a result of discovery in the US Proceedings, which is covered by the US Federal District Court Protective Order and contains a US Bates Number and designated "Confidential" or "Highly Confidential" or a transcript which is covered by the US Federal District Court Protective Order and is designated in whole or in part as "Confidential" or "Highly Confidential".

For the avoidance of doubt, a document does not constitute a "Confidential Document" if it is in the possession or control of (a) SKAT, otherwise than as a result of disclosure to SKAT in the US Proceedings or (b) any Defendant to the English Proceedings, otherwise than as a result of disclosure by SKAT in the English Proceedings.

**Confidential Information** means any information contained in the Confidential Documents (as defined above) other than information of which a Recipient is aware from a non-confidential source independently of disclosure under this Agreement.

**Designated Judge** means the Hon. Mr Justice Andrew Baker.

**English Court** means the Commercial Court, London, the Designated Judge, and all associated court staff, including the clerk to the Designated Judge.

**Originator** means the person/s whose documents have been designated as "Confidential" or "Highly Confidential" pursuant to the US Federal District Court Protective Order.

**Recipient** means a Recipient Client, a Recipient Solicitor, a Recipient Barrister, a Recipient In-House Counsel or a Recipient Witness.

**Recipient Barrister** means each barrister acting for a defendant in the English Proceedings, who agrees to be bound by the terms of this Agreement.

**Recipient Client** means a defendant to the English Proceedings who: (a) a Recipient Lawyer considers in

good faith to (i) be the author, addressee, copy recipient of a Confidential Document or (ii) have prior knowledge of the documents designated Confidential or Highly Confidential under the US Federal District Court Protective Order; and (b) agrees to be bound by the terms of this Agreement. In the case of a corporate defendant to the English Proceedings, a Recipient Client is any representative of such defendant who personally satisfies the aforesaid conditions.

**Recipient In-House Counsel** means each in-house counsel of a corporate defendant in the English Proceedings acting as a litigant in person, who agrees to be bound by the terms of this Agreement.

**Recipient Lawyer** means each Recipient Solicitor or Recipient In-House Counsel or Recipient Barrister acting for a defendant in the English Proceedings, who agrees to be bound by the terms of this Agreement.

**Recipient Solicitor** means each solicitor acting for a defendant in the English Proceedings, who agrees to be bound by the terms of this Agreement, including any trainee, paralegal or chartered legal executive employed by the firm of solicitors acting for a defendant in the English proceedings.

**Recipient Witness** means any actual or prospective witness (who agrees to be bound by the terms of this Agreement) to whom a Recipient Lawyer considers in good faith that it is necessary to disclose the Confidential Document or Confidential Information for the purpose of obtaining instructions or taking evidence for the purpose of the Confidentiality Application.

## 1.    RECEIPT OF CONFIDENTIAL INFORMATION

1.1    Prior to receiving any Confidential Documents or any Confidential Information (in any form), each Recipient hereby agrees to:

1.1.1    Keep confidential all Confidential Documents and Confidential Information (in any form) received in accordance with the terms of this Agreement, pending further order of the English Court at the hearing of the Confidentiality Application.

1.1.2    Delete, destroy or return all Confidential Documents and Confidential Information (in any form, including any Derivative Confidential Information defined in clause 2.3 below) in accordance with the procedures set out in Clause 5 below after the English Proceedings have been finally completed.

## 2.    ACCESS TO CONFIDENTIAL DOCUMENTS AND CONFIDENTIAL INFORMATION

2.1    No disclosure may be made by any Recipient of any Confidential Documents or Confidential

Information to any person other than:

2.1.1  SKAT or any of its legal team; or

2.1.2  another Recipient who has agreed in signed writing (including by an electronic signature) to be bound by the terms of this Agreement, including but not limited to a Recipient Lawyer or a Recipient Client or a Recipient Witness who has so agreed in signed writing (including by an electronic signature) to be bound; or

2.1.3  the English Court (in accordance with the restrictions set out in clause 3 below); or

2.1.4  in accordance with an order made by the English Court in the form set out in Schedule 3 (or such other form as the Disclosing Party deems appropriate to protect the Confidential Documents and Confidential Information).

2.2  Without prejudice to the generality of clause 2.1, any Confidential Documents and Confidential Information shall be dealt with in accordance with the following provisions:

2.2.1  disclosure of Confidential Documents and Confidential Information shall be made by the Disclosing Party to the relevant Recipient Solicitors and Recipient In-House Counsel once a copy of Schedule 1 to this Agreement has been signed (including by an electronic signature) by the Recipient Solicitors or Recipient In-House Counsel, a copy of Schedule 1 returned to SKAT's English lawyers and this Agreement has been dated;

2.2.2  dissemination of Confidential Documents and Confidential Information to any Recipient Barrister, Recipient Client or Recipient Witness associated with the party for whom the relevant Recipient Solicitors and Recipient In-House Counsel act shall be made through such Recipient Solicitors and Recipient In-House Counsel once a copy of Schedule 1 to this Agreement has been signed (including by an electronic signature) by the proposed Recipient and provided to the relevant Recipient Solicitors and Recipient In-House Counsel;

2.2.3  the relevant Recipient Solicitors and Recipient In-House Counsel shall maintain a written record of the names of all Recipients to whom disclosure of any Confidential Documents and Confidential Information is disseminated;

2.2.4  upon 7 days' notice in writing from a Pinsent Masons lawyer (who confirms in writing that he or she has not and will never have any involvement in the substantive English Proceedings and will not share the requested information with any member of the

Disclosing Party's English legal team), Recipient Solicitors and Recipient In-House Counsel shall provide a list of names of persons to whom Confidential Documents and Information have been provided pursuant to this Agreement;

2.2.5    each Recipient shall be responsible for maintaining a written record of the number of copies of the Confidential Documents and Confidential Information created and/or in their possession.

2.2.6    for the avoidance of doubt, documents designated as Confidential or Highly Confidential under the US Federal District Court Protective Order shall be disclosed only to the English Court, Recipient Lawyers, Recipient Clients and Recipient Witnesses.

2.3    Nothing in this Agreement shall restrict any Recipient from making working copies, abstracts, digests and analyses of Confidential Documents and Confidential Information in connection with the English Proceedings ("**Derivative Confidential Information**").

2.4    All Derivative Confidential Information created in accordance with clause 2.3 above shall be deemed to have the same level of protection as Confidential Documents and Confidential Information as provided for under the terms of this Agreement.

## 3.    USE OF CONFIDENTIAL DOCUMENTS AND CONFIDENTIAL INFORMATION

3.1    In the absence of any written permission from the Disclosing Party, any Confidential Documents and Confidential Information disclosed in accordance with this Agreement shall be used solely for the purposes of the English Proceedings in accordance with the provisions of CPR r31.22.

3.2    For the avoidance of doubt, disclosure of any Confidential Documents and Confidential Information in accordance with this Agreement shall not be taken to amount to a waiver of confidentiality by the Disclosing Party or the Originators.

## 4.    FILING OF CONFIDENTIAL DOCUMENTS AND CONFIDENTIAL INFORMATION

4.1    Subject to and pending further order of the English Court, where any Confidential Document and Confidential Information is intended to be used in any document to be filed at court (including skeleton arguments):

4.1.1    such documents shall be appropriately redacted to remove any reference to the Confidential Documents and Confidential Information, which shall be included in a separate document clearly marked as confidential; and

4.1.2    Recipient Lawyers filing such information shall take steps to ensure that the English Court is made aware that the information is confidential and treated as being filed under seal.

**5.    RETURN AND DESTRUCTION OF ALL CONFIDENTIAL DOCUMENTS AND CONFIDENTIAL INFORMATION AND DERIVATIVE CONFIDENTIAL INFORMATION**

5.1    Upon notice in writing from the Disclosing Party's solicitors, following the final completion of the English Proceedings, each Recipient shall take all reasonable steps to destroy all copies of Confidential Documents and documents containing Confidential Information in their possession, including any Derivative Confidential Information, or shall return the same to the Disclosing Party's solicitors. Such reasonable steps shall not require the return or destruction of Confidential Documents or Confidential Information that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) is located in the email archive system or archived electronic files of departed employees or (iii) is subject to legal hold obligations.

5.2    All Recipients shall confirm compliance with the provisions of clause 5.1 within 21 days of receipt of notice from the Disclosing Party.

5.3    Each Recipient shall continue to keep confidential the Confidential Documents or Confidential Information in accordance with the terms of any confidentiality order made (or, in the event that such order ceases to apply, the terms of paragraphs 1-4 of this Agreement) that such Recipient has been unable to destroy or return pursuant to clause 5.1.

**6.    TERMINATION**

**6.1**    Upon the making of a confidentiality order by the English Court in the form set out in Schedule 3 hereto or such other form as the Disclosing Party deems appropriate to protect the Confidential Documents and Confidential Information or the English Court finds appropriate, the provisions in this Agreement (other than clauses 1.1.2, 2.2.4, 3, 5, 7, 8 and 9) shall terminate, without affecting any accrued rights or liabilities prior to termination.

**7.    NOTICES/AMENDMENTS**

7.1    Any notices or requests regarding any Confidential Documents and Confidential Information under this Agreement shall be submitted in writing by email to the solicitors acting for SKAT (in the case of requests by defendants in the English Proceedings) or to the respective Recipient Solicitors and Recipient In-House Counsel that have signed Schedule 1 to this Agreement (in the case of requests by SKAT).

7.2   Any response to a request made in connection with this Agreement or regarding Confidential Documents and Confidential Information shall be provided within a reasonable period of time and in any event not more than five (5) working days from the date on which the request was submitted in writing.

7.3   Any amendments to this Agreement shall not be effective unless and until they are agreed in writing between the parties.

**8.      ENTIRE AGREEMENT**

8.1   This Agreement is the entire agreement between the Parties hereto relating to its subject matter. No other terms apply.

8.2   This Agreement may be executed in any number of counterparts which when taken as a whole shall constitute one valid and binding original. Execution of a scanned copy shall have the same force and effect as execution of an original, and an electronic signature shall be deemed an original and valid signature.

**9.      GOVERNING LAW AND JURISDICTION**

9.1   This Agreement shall be governed by the laws of England and the parties hereto submit to the exclusive jurisdiction of the English Courts.

AGREED by the parties on the date set out at the head of this Agreement

| SIGNED FOR AND ON BEHALF OF SKAT BY: |
|---|
| NAME: |
| POSITION: |

**SCHEDULE 1**

I, the Recipient, agree to comply with the provisions of this Agreement insofar as they are applicable to me as a recipient of Confidential Documents and Confidential Information.

Signed by:


Name:

Position:

**SCHEDULE 2 – US Federal District Court Protective Order**

See appended copy order.

SCHEDULE 3 – proposed form of order in the Confidentiality Application

## CL-2018-000297, CL-2018-000404, CL-2018-000590 and CL-2019-000487

**IN THE HIGH COURT OF JUSTICE**
**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**
**QUEEN'S BENCH DIVISION**
**COMMERCIAL COURT**

**BEFORE THE HON. MR JUSTICE ANDREW BAKER**

**[DATE]**

**BETWEEN:**

### SKATTEFORVALTNINGEN

**(the Danish Customs and Tax Administration)**

<u>Claimant</u>

**-and-**

**SOLO CAPITAL PARTNERS LLP (in special administration) & OTHERS**

<u>Defendants</u>

_____

### [DRAFT] ORDER

_____

**UPON** there being four sets of claims with numbers CL-2018-000297 (the "**First Claim**"), CL-2018-000404 (the "**Second Claim**"), CL-2018-000590 (the "**Third Claim**"), CL-2019-000487 (the "**Fourth Claim**"), which were consolidated by the Orders of Mr Justice Jacobs dated 27 June 2018 and Mrs Justice Cockerill dated 12 October 2018 and Mr Justice Andrew Baker dated 11 May 2020 (the "**Consolidated Proceedings**") involving numerous parties (each, a "**Party**").

**AND UPON** orders for disclosure being made in the Consolidated Proceedings, including an Order dated 16 January 2020 (as amended by an Order dated 24 April 2020) that the Claimant provide rolling disclosure on various dates of documents relevant to various issues for disclosure set out in the "**Disclosure Spreadsheet**" attached to the Order dated 16 January 2020

**AND UPON** the Claimant having obtained various documents in related proceedings in the United States of America (the "**US Proceedings**"): (a) which are relevant to the issues for disclosure in the Disclosure Spreadsheet; but (b) whose use and dissemination (including summaries and extracts thereof and information therein) prior to trial is restricted by an Amended Stipulated Protective Order Governing Confidentiality of Discovery Materials dated ** ** 2020 made by the United States District Court, Southern District of New York (the "**US Protective Order**").

**AND UPON** an application by the Claimant dated ** September 2020 (the "**Confidentiality Application**") for an order regulating – prior to any full, substantive trial in the Consolidated Proceedings (the "**Substantive Trial**") – the use and disclosure by any Party (or their representatives, lawyers, experts, consultants, and actual or prospective witnesses, each an "**Associated Person**") of documents referred to in the schedule hereto that are covered by the US Protective Order (the **"Confidential Documents**") and any information derived from any Confidential Documents of which such Party or Associated Person is not aware from any other non-confidential source (the "**Confidential Information**").

**AND UPON** the Claimant and [identify Defendants] having entered into a confidentiality agreement (the "**Confidentiality Agreement**") for the purpose of disclosing Confidential Documents and Confidential Information on confidential terms to specified persons for the purpose of the hearing of the Confidentiality Application.

**AND UPON** hearing the submissions of counsel for the Claimant, and [identify Defendants].

**AND UPON** the Court being satisfied that the order below is strictly necessary to preserve the confidentiality of the Confidential Documents and not undermine the US Protective Order.

**AND UPON** the Claimant undertaking by its solicitors to make an application pursuant to paragraph 5 below: (a) to vary the confidentiality order made in the event of an amendment to the

scope of the US Protective Order that is material to the scope of this order; and (b) for a further confidentiality order governing the use of the Confidential Documents and Confidential Information at the Substantive Trial in the Consolidated Proceedings (which, for the avoidance of doubt, does not include preliminary issue trials that are covered by the existing terms of this order).

**IT IS ORDERED THAT:**

1.      Pursuant to CPR r39.2(3)(a), the Confidentiality Application shall be heard in private.

2.      Pursuant to CPR r39.2(3)(a),(c) and (g), any and all references to the content of any of the Confidential Documents or the Confidential Information in any hearings in the Consolidated Proceedings prior to the Substantive Trial shall be heard in private and, pursuant to section 11 of the Contempt of Court Act 1981, there shall be no reporting of such content.

3.      Pursuant to CPR r31.22(2), no use may be made outside these proceedings of any of the Confidential Documents or the Confidential Information, whether that document or information has been read to or by the Court or referred to at a hearing held in public.

4.      Pursuant to CPR 5.4C(2), 5.4C(4)(c)(d), 5.4C(6) and 3.1(2)(m):

        a)      with respect to the skeleton arguments filed in relation to the Confidentiality Application:

                i)      redacted versions in the form shown to Mr Justice Andrew Baker shall be held by the Court office in place of any unedited versions;

                ii)     unedited, confidential versions shall be held by the Clerk to Mr Justice Andrew Baker subject to the terms of this Order;

        b)      the confidential exhibit to the ** Witness Statement of ** dated ** September 2020 shall be treated as having been filed at Court under seal and shall remain sealed and held with the Court office on the terms of this Order;

        c)      to the extent that any party to the Consolidated Proceedings (each, a "**Party**") or lawyer acting on behalf of such Party wishes to use any Confidential Documents or Confidential Information in the course of the Consolidated Proceedings prior to the Substantive Trial (including but not limited to by considering or making reference

to the content of the Confidential Documents or Confidential Information for the purpose of preparing any applications, statements of case, witness statements, expert reports and skeleton arguments):

i)   such Party or lawyer acting on behalf of such Party (each a "**Permitted Discloser**") shall only disclose Confidential Documents or Confidential Information, on the term set out in sub-paragraph (ii), to the following persons associated with a Party:

   1)  any lawyer acting for a Party (including a barrister or a solicitor or other legal professional acting for a Party);

   2)  any expert, consultant or investigator acting for a Party to the extent that the Permitted Discloser considers in good faith that it is necessary for such expert, consultant, or investigator to provide a written opinion, or to prepare to testify or assist the Party in the prosecution or defence of the Consolidated Proceedings;

   3)  any individual (including a representative of a Party) that the Permitted Discloser considers in good faith to be personally indicated to be the author, addressee or a copy recipient of a document, or to have personal knowledge of the content of the Confidential Document or Confidential Information;

   4)  any actual or prospective witness of a Party to whom the Permitted Discloser considers in good faith that it is necessary to disclose the Confidential Document or Confidential Information for the purpose of obtaining instructions or taking evidence for the purpose of the Consolidated Proceedings; and

   5)  any e-disclosure provider acting for a Party for the purposes of being uploaded to an e-disclosure platform.

ii)  in each case, subject to the recipient confirming in signed writing (including by an electronic signature) that:

   1)  he or she agrees to abide by the terms of this Order, a copy of which has been provided to him/her;

2) he or she will keep confidential and not disclose the content of any Confidential Document or Confidential Information to any third party save in so far as permitted by this Order;

d)    where any Party wishes to include reference to the content of a Confidential Document or Confidential Information in a document to be filed or served in the Consolidated Proceedings (including but not limited to any application, statements of case, witness statement, expert report or skeleton argument), such Party:

  i)    shall prepare and file at Court a redacted version of such document(s), which does not reveal or disclose the content of the Confidential Documents or the Confidential Information;

  ii)    prepare an unredacted version of the relevant document(s) clearly marked as "confidential" to be served on any other Party and, if necessary for a hearing, to be filed with the Clerk to Mr Justice Andrew Baker (or such other Judge before whom the relevant hearing will take place);

e)    the following documents shall only be included in confidential hard copy or electronic bundles for the purposes of the Consolidated Proceedings prior to the Substantive Trial, with access restricted to persons covered by paragraph 4(c) of this Order:

  i)    the unedited versions of the skeleton arguments in relation to the Confidentiality Application;

  ii)    the confidential exhibit to the ** Witness Statement of ** dated ** September 2020;

  iii)    any other document which contains an unredacted reference to the content of the Confidential Documents or the Confidential Information (including any document(s) covered by paragraph 4(d)(ii) above).

f)    any non-party wishing to obtain a copy of any of the documents referred to in sub-paragraph 4(d)(ii) must file an application notice in accordance with CPR Part 23 and serve it on the Claimant via their solicitors Pinsent Masons, giving at least 14 days' notice of any such application.

5.      The above orders shall remain in place pending further order of the Court, in respect of which there shall be a general liberty to apply for any party in the Consolidated Proceedings.

6.      The Claimant shall give 7 days' notice to all other Parties in the event that a Confidential Document ceases to be designated as confidential or highly confidential under the US Protective Order, whereupon the provisions of this Order shall no longer apply to such document or the information therein without the need for a formal variation of the Order.

7.      Costs in the case.

## <u>Schedule of Confidential Documents</u>

(1) All documents in the confidential exhibit to the ** Witness Statement of ** dated ** September 2020.

(2) Any other document disclosed in the Consolidated Proceedings that was obtained by the Claimant as a result of discovery in the US Proceedings, which is covered by the US Protective Order and contains a US Bates Number and designated "confidential" or "highly confidential".

(3) For the avoidance of any doubt, a document does not constitute a "Confidential Document" if it is in the possession or control of (a) the Claimant, otherwise than as a result of disclosure to the Claimant in the US Proceedings or (b) any Defendant to the Consolidated Proceedings, otherwise than as a result of disclosure by the Claimant in the Consolidated Proceedings.